IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SHERRI LEE MOORE, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> COMMISSIONER, SOCIAL SECURITY § <br> ADMINISTRATION, § <br> *Defendant*. § | CIVIL ACTION No. CIVIL NO. <br> 6:16–CV–00011–JDL |

## MEMORANDUM OPINION AND ORDER

On January 9, 2016, Plaintiff initiated this civil action pursuant to the Social Security Act, Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. For the reasons stated below, the Court **REVERSES and REMANDS** the ALJ's decision.

### BACKGROUND

On November 5, 2012, Plaintiff, Sherri Moore filed claims for disability insurance benefits and supplemental security income, which were subsequently denied both initially, on January 24, 2013, and upon reconsideration, July 29, 2014. (Transcript ("Tr.") at 17.) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on April 22, 2015. (*Id.* at 553–76.) The ALJ denied the claims on May 18, 2015. (*Id.* at 14–34.) On November 25, 2015, the Appeals Council denied a request for review. (*Id.* at 6–9.) Therefore, the ALJ's decision became the Commissioner's decision, *Sims v. Apfel,* 530 U.S. 103 106–07 (2000), and Plaintiff initiated this civil action for judicial review.

### STANDARD

Title II of the Act provides for federal disability insurance benefits while Title XVI provides for supplemental security income for the disabled. Judicial review of the denial of

1

disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner]'s, even if the evidence preponderates against the [Commissioner]'s decision." *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)); *see Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)); *Anthony*, 954 F.2d 289, 295 (5th Cir. 1992) (citing *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96–5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 F. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability;

and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However, the Court must do more than "rubber stamp" the ALJ's decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook*, 750 F.2d 391, 393 (5th Cir. 1985). The Court may remand for additional evidence if substantial evidence is lacking or "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

A claimant for disability has the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

In order to determine whether a claimant is disabled, the Commissioner must utilize a five-step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see Bowling*, 36 F.3d at 435 (citing *Harrel*, 862 F.2d at 475). Under the five–step sequential analysis, the Commissioner must determine at Step One whether the claimant is currently engaged in substantial gainful activity.

At Step Two, the Commissioner must determine whether one or more of the claimant's impairments are severe. At Step Three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. Prior to moving to Step Four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non–severe. Then, at Step Four, the Commissioner must determine whether the claimant is capable of performing his past relevant work. Finally, at Step Five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)–(f) and 404.1520(b)(1)(f). An affirmative answer at Step One or a negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id*. The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ made the following findings in his May 18, 2015 decision:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2015.

2. The claimant has not engaged in substantial gainful activity since October 31, 2012, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following "severe" impairments: affective disorder (depression), cognitive disorder, and anxiety related disorder. The claimant's seizure activity does not satisfy the definition of medically determinable impairment.

4. I agree with DDS consultants that the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

    listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I agree with the DDS consultants that the impairments reasonably result in a residual functional capacity to perform a full range of work at all exertional levels. The claimant can maximally understand, remember, and carryout simple instructions. The claimant can make decisions, accept instructions, and attend and concentrate for two–hour periods. She can interact with others or co-workers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 3, 1962 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CRF 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical–Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82–41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and assigned residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, since October 31, 2012, the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. at 17–34.)

The ALJ determined that Plaintiff is not disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. (*Id*. at 34.)

## ANALYSIS

Plaintiff alleges that the ALJ erred by: (1) failing to find that Plaintiff's seizures constitute a medically determinable impairment in step two; and (2) failing to properly weigh all of the medical opinions in the record. (Doc. No. 18, at 9,11.)

1. **Severe Impairment Determination**

Plaintiff contends that the ALJ committed error by determining that Plaintiff's seizures did "not satisfy the definition of a medically determinable impairment" when they were identified as such by the Agency's own reviewer and two of Plaintiff's treating physicians. (Doc. No. 18, at 9.) Additionally, Plaintiff alleges that the ALJ failed to develop the record after stating that Plaintiff "need[ed] a neuropsychological evaluation badly." (*Id.* at 11.) Similarly, Plaintiff alleges that the ALJ erred by failing to consider Plaintiff's obesity. (*Id.* at 13).

At step two, the Commissioner must determine whether one or more of the claimant's impairments are severe. 20 C.F.R. §§ 416.920(c). To prove a medically determinable impairment Plaintiff must not only prove that she has an impairment, but that it has functionally impaired her from engaging in substantial gainful activity. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). A Plaintiff demonstrates sufficient grounds for remand where the ALJ's decision is unsupported by substantial evidence such as where the ALJ lacks sufficient facts to make an informed decision by failing to "carry out his responsibility for 'full inquiry' to obtain . . . medical evidence through consultative services *he deems warranted*." (emphasis added). *McGee v. Weinberger*, 518 F.2d 330, 332 (5th Cir. 1975). Such a failure exists, for example, where "the facts cry out for confirmation or refutation by a qualified expert," and where the record "establish[es] that a consultative examination is necessary to enable the [ALJ] to make the disability decision." *Davis v. Califano*, 599 F.2d 1324, 1326 (5th Cir. 1979); *Bowman v. Califano,* 482 F. Supp. 288, 295 (M.D. La. 1980).

6

As a primary objection, Plaintiff contends that the ALJ failed to fully develop the record, and as such there is no substantial evidence supporting his decision. (Doc. No. 18, at 11 (citing *McGee,* 518 F.2d at 332).) Specifically, Plaintiff argues that the ALJ erred in not developing the record to order further evaluation when he believed a neuropsychological evaluation was badly needed. *Id.* The ALJ has a duty to fully develop the record where he deems necessary, but also where "the facts cry out for confirmation or refutation by a qualified expert," and where the record "establish[es] that a consultative examination is necessary to enable the [ALJ] to make the disability decision." *Davis*, 599 F.2d at 1326; *Bowman,* 482 F. Supp. at 295.

The record reflects that Plaintiff has a history of seizures, but it is unclear whether Plaintiff has a seizure *disorder*. (Tr. at 258, 322.) While Plaintiff cites to numerous medical records indicating a seizure disorder, the ALJ found that the producing cause of Plaintiff's "excess symptoms" was not entirely clear. (Tr. at 21, 258, 300.) There is additional ambiguity in the record as Plaintiff conflates her seizures with reoccurring instances of memory lapses. (*Id*. at 558.) When discussing her seizures, Plaintiff attempted to distinguish between the two impairments stating, "there's seizures and then there's problems where I want to see a neurologist." (*Id.* at 559.) However, Plaintiff then went on to repeatedly state a neurologist was recommended to her and to specifically ask for evaluation by a neurologist without distinction. (*Id.* at 557, 562, 563.) In response, the ALJ stated that Plaintiff "need[ed] a neuropsychological evaluation badly" and implied she was being improperly treated. (*Id*. at 573.) Plaintiff's counsel stated the SSA would not do neuropsychological testing, and the ALJ suggested referring Plaintiff to DARS (the Department of Assistive and Rehabilitative Services) to possibly complete such an evaluation. (*Id.* at 572.) Despite the apparent consensus between the ALJ and Plaintiff regarding the necessity of a neuropsychological evaluation, the neuropsychological

evaluation was never done and neither the ALJ nor the Commissioner provide any evidence for why the test was "not feasible." (Doc. No. 20, at 8.)

Deeming the neuropsychological evaluation as "badly" needed, the ALJ fails to provide any reasoning as to why the evaluation was not necessary to determine Plaintiff's RFC. The ALJ's comments questioning Plaintiff's seizures as a disorder or as manifesting symptoms compounded with Plaintiff's request for said evaluation, and the ALJ's statement that Plaintiff "badly" needed said evaluation, show that confirmation or refutation by further investigation is necessary. As in *Davis*, the ALJ should not have accepted that Plaintiff's seizures or memory lapses were unexplained without ordering the neuropsychological evaluation. *Davis,* 599 F.2d at 1327. As the record is unclear regarding whether the ALJ could have decided Plaintiff's RFC based on the presented facts and medical evidence, the facts require further investigation. By failing to fully develop the record, the ALJ's decision is not supported by substantial evidence and thus must be remanded.

Under the circumstances at hand, the case must be remanded under 42 U.S.C. § 405(g) for additional findings which should include the results of a neuropsychological evaluation regarding Plaintiff's memory lapses and seizures. The Court accordingly finds that the case be **REVERSED and REMANDED** for reconsideration of Plaintiff's RFC upon completing a neuropsychological evaluation.

Because the Court finds that the case should be remanded based on the foregoing analysis, it need not, and cannot, decide the issues of whether the ALJ properly excluded consideration of Plaintiff's assertion that the ALJ failed to consider her obesity, and properly analyzed the medical opinion evidence consistent with relevant guidelines.

## CONCLUSION

In light of the foregoing, pursuant to 42 U.S.C. § 405(g), the Court finds that the final decision of the Commissioner be **REVERSED and REMANDED** for reconsideration in accordance with the findings herein.

**So ORDERED and SIGNED this 20th day of July, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE